[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-10330

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TON TON AQUINO,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:23-cr-00067-RSB-CLR-1

————————————————

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Ton Ton Aquino appeals his 16-month sentence for misprision of a felony, 18 U.S.C. § 4, to be followed by a year of supervised release. On appeal, Aquino argues that the district court erroneously enhanced his sentence under the Sentencing Guidelines. He also argues that the district court erred in requiring him to comply with the requirements of the Sex Offender Registration and Notification Act ("SORNA"), 24 U.S.C. § 20901, as a condition of his supervised release. The government, in turn, seeks to enforce the sentence-appeal waiver provision in Aquino's plea agreement. In response, Aquino argues that an exception to his appeal waiver applies and permits his appeal, at least in part. After careful review, we conclude that Aquino knowingly and voluntarily waived his right to appeal, his challenges fall within his waiver, and no exception applies. Accordingly, we dismiss the appeal.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2022, Aquino was charged by a grand jury with one count of distribution of child pornography, 18 U.S.C. § 2552A(a)(2) ("the distribution charge"). The next year, in a separate case, Aquino was charged, via information, with misprision of a felony, 18 U.S.C. § 4 ("the misprision charge"). The information alleged that Aquino, while on Hunter Army Airfield in Chatham County Georgia, concealed his knowledge of a felony—possession of child pornography—from law enforcement.

Aquino later pleaded guilty to the misprision charge in exchange for the dismissal of the distribution charge. The parties' agreement included a set of stipulated facts stating that Aquino knowingly possessed a video containing child sexual abuse material and concealed his conduct when questioned by the U.S. Army Criminal Investigation Division. Then, when facing an Army administrative separation board for the same conduct, Aquino failed to provide truthful information about his possession of the material.

Under a section titled "Waiver of Appeal" the plea agreement provided that Aquino was giving up most of his appellate rights. Specifically, the provision read:

> Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

The agreement also clarified that it embodied "the entire agreement between" the parties. Aquino initialed each page of the

agreement and then signed the last page, agreeing that he had reviewed the agreement with his attorney, understood each provision, and voluntarily agreed to it. Aquino's attorney also signed the agreement, stating that he believed Aquino "completely underst[ood] it, and that his decision to enter into th[e] agreement [wa]s an informed, intelligent, and voluntary one."

Aquino appeared for a change-of-plea hearing and he was placed under oath and warned that any false statements could result in his prosecution for perjury. He confirmed that he read, wrote, and understood English, was not under the influence of any drugs or alcohol, and did not have any physical or mental condition that might prevent him from understanding the court's questions. The court then told him that he had the right to plead not guilty and proceed to trial, and it summarized the trial rights which Aquino was forfeiting by pleading guilty. Aquino stated that he understood and had time to discuss the decision with his attorney, with whom he was satisfied. The district court then ensured that Aquino understood the crime to which he was pleading guilty. It read the elements of the offense and explained the sentencing process, including clarifying that Aquino could not withdraw his guilty plea based on the sentence he received. It also addressed the potential immigration consequences of his guilty plea. Aquino stated that he understood this information.

The district court turned to the parties' plea agreement and confirmed with Aquino that he had reviewed it, signed it, and understood it. The government then summarized the agreement and

noted that Aquino had waived his right to appeal apart from the "three exceptions that [we]re identified in the plea agreement." Aquino and his attorney agreed that the government's summary was accurate. The district court then specifically explained how the appeal waiver worked, noting that Aquino could not appeal unless: (1) "the government appeals"; (2) the district court "sentence[s him] above the statutory maximum; or (3) the district court "sentence[s him] above the advisory guideline range as" determined by the court at sentencing. Aquino stated he understood and was willing to give up those rights to enter the plea agreement. He also stated that he had no questions, that there were no promises made outside the plea agreement, and that he was, in fact, guilty. The district court accepted Aquino's plea and set the case for sentencing.

Before sentencing, a probation officer prepared a presentence investigation report ("PSI"). The PSI calculated Aquino's offense level to be 14 and his criminal history category to be I, based on him having no prior criminal history. It then calculated his guidelines range to be 15 to 21-months' imprisonment. The statutory maximum term of imprisonment for a violation of 18 U.S.C. § 4 is three years. 18 U.S.C. § 4. After the initial PSI was prepared, the government objected, arguing that Aquino should also be made to comply with SORNA as a condition of his supervised release. It contended that Aquino received and distributed child pornography as part of his offense conduct and that those crimes are identified in SORNA, 34 U.S.C. § 20911(7)(A)-(I).

Aquino also objected to the PSI.  As relevant here, Aquino objected to the PSI's use and application of U.S.S.G. § 2G2.2(b)(3)(F) to add two points to his offense level.  He also disagreed with the government's position that SORNA should be applied.  He argued that his offense of conviction—misprision of a felony—did not fit into SORNA's definition of a "sex offense," 34 U.S.C. § 20911(5)(A), so requiring him to comply with SORNA "would be inappropriate."

The probation officer prepared a revised PSI addressing the parties' objections.  As relevant, the revised PSI rejected Aquino's objection to the use of U.S.S.G. § 2G2.2(b)(3)(F), concluding that it was appropriate given Aquino's offense conduct.  It noted that, while Aquino's case was "not the typical 'sex offense' to which" SORNA applies, Aquino's underlying conduct supported the imposition of the SORNA condition.  The revised PSI also sustained some of Aquino's objections, leading to a total offense level of 12, a criminal history category of I, and a guidelines range of 10 to 16-months' imprisonment.  Aquino also filed a sentencing memorandum, which reiterated his prior objections to the application of U.S.S.G. § 2G2.2(b)(3)(F) and to the imposition of SORNA.

At sentencing, the district court heard argument on the outstanding objections, including relating to the imposition of the SORNA condition and Section 2G2.2(b)(3)(F).  The district court overruled Aquino's objection as to the application of Section 2G2.2(b)(3)(F).  However, it noted that it would consider his arguments about the appropriateness of the enhancement as part of its

consideration of the 18 U.S.C. § 3553(a) factors. As to the SORNA condition, the district court overruled Aquino's objection, although it noted that it was "a close question." It concluded that "the offense itself involved" child pornography, so the SORNA requirement was appropriate and, in addition, that applying SORNA here was consistent with "the overriding purpose" of SORNA and "Congress's intent" in enacting the provision.

Having overruled the remaining objections, the district court found that Aquino's guidelines range was 10 to 16-months' imprisonment, to be followed by one year of supervised release. The government argued for a guidelines sentence, while Aquino argued for a non-custodial sentence, consisting of probation, supervised release, and time served. Aquino also allocuted, apologizing for his mistakes and asking for leniency.

After hearing the parties' arguments, the district court sentenced Aquino to 16 months' imprisonment, to be followed by a year of supervised release. As a condition of Aquino's supervised release, the district court ordered that he comply with the requirements of SORNA. The district court later entered judgment to this effect, which stated that Aquino "will be on supervised release for a term of: 1 year" and, as a condition of that supervised release, "must comply with the requirements of [SORNA] as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where [he] reside[s], work[s], [is] a student, or w[as] convicted of a qualifying offense." Aquino's appeal followed.

## II. STANDARDS OF REVIEW

We review the validity and scope of an appeal-waiver provision *de novo*. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id.* at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see also United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (noting that the "touchstone for assessing" if a sentence appeal waiver was made knowingly and voluntarily "is whether 'it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances'" (alterations adopted) (emphasis in original) (quoting *Bushert*, 997 F.2d at 1352-53)). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). A waiver of the right to appeal may include "the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005); *see also United States v. Read*, 118 F.4th 1317, 1320 (11th Cir. 2024).

## III. DISCUSSION

Aquino makes two arguments on appeal. First, he argues that the district court erred in its application of U.S.S.G.

§ 2G2.2(b)(3)(F).  In essence, he argues that, even though the text of that provision covers his conduct, applying the enhancement to the unique facts of his case was procedural error and led to an unreasonable sentence.  Second, Aquino argues that the district court erred in ordering that he comply with the requirements of SORNA as a condition of supervised release.  He reiterates that his offense of conviction was not a sex offense under SORNA and the district court improperly looked to "other conduct for which [he] was indicted but not convicted"—specifically the conduct underlying the distribution charge, which was dismissed.

The government, in turn, argues that Aquino's appeal should be dismissed based on his appeal waiver.  Even if it is not dismissed, the government continues, Aquino's arguments are meritless.  As to the appeal waiver, the government argues that Aquino knowingly and voluntarily waived his rights to appeal and that none of the three exceptions to that appeal waiver apply.[1]

In reply, Aquino argues that the appeal waiver does not bar his appeal.  He contends that the district court's application of SORNA here "effectively impose[s] a punishment 12 years beyond the statutory maximum of the offense for which he was sentenced" because the SORNA condition "punishes [him] for a minimum of 15 years."

---

[1] Because we agree with the government and dismiss Aquino's appeal based on his appeal waiver, we do not address either parties' arguments on the merits.

Here, Aquino knowingly and voluntarily waived his right to appeal. Aquino signed the plea agreement and initialed each page, and that agreement contained—under the heading "Waiver of Appeal"—a waiver of his right to appeal, with narrow exceptions. By signing, Aquino agreed that he had read the agreement, reviewed it with his attorney, understood it, and voluntarily agreed to it. Then, at the change-of-plea hearing, the government noted that Aquino was waiving his right to appeal unless one of the "three exceptions that [we]re identified in the plea agreement" were present. The district court, in addition, went over the details of the appeal waiver, listing the three exceptions. In response, Aquino stated that he understood and had no questions. We assume those statements are true. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during [a plea] colloquy are true."). Thus, "the district court specifically questioned [Aquino] concerning the sentence appeal waiver during the Rule 11 colloquy . . . ." *Bushert*, 997 F.2d at 1351. Accordingly, Aquino knowingly and voluntarily waived his right to appeal. *Id.*; *Boyd*, 975 F.3d at 1192.

Next, Aquino's two challenges on appeal fall into the scope of that waiver and do not fall into any of the exceptions.

Aquino's first argument on appeal, which challenges the district court's use of the Sentencing Guidelines, is a challenge to his "sentence on any ground" covered by the text of the waiver provision in the plea agreement. It also does not fall into any exception, as the exception relating to guidelines challenges provides only that

Aquino can appeal his sentence if it is above the guidelines range that is "found to apply by the court at sentencing." *See Bascomb*, 451 F.3d at 1294. Here, Aquino's sentence was within the guidelines range calculated by the district court at sentencing. Thus, this exception does not apply. The other exceptions also do not apply, as Aquino's 16-month sentence was not beyond the statutory maximum sentence of imprisonment and the government did not appeal. *See* 18 U.S.C. § 4 (providing a three-year maximum term of imprisonment). Accordingly, Aquino's appeal waiver bars his arguments about U.S.S.G. § 2G2.2(b)(3)(F) and we dismiss them.

Aquino's appeal waiver also bars his second argument regarding the SORNA condition. As a general matter, the conditions of a term of supervised release are part of a defendant's sentence and a valid and enforceable sentence appeal waiver can bar any challenge to those conditions. *See United States v. Cordero*, 7 F.4th 1058, 1067 n.10 (11th Cir. 2021). As noted above, the government has not appealed Aquino's sentence. Moreover, Aquino does not argue the SORNA condition was above the guidelines range the district court found applied.[2] Aquino's contention is simply that he was not convicted of a qualifying crime for SORNA purposes, which does not implicate the guidelines at all. Finally, the SORNA

---

[2] Nor does it represent a variance from the guidelines, as both the Guidelines and the statute governing supervised release require a district court to impose the SORNA condition when the defendant is convicted of a qualifying crime. *See* U.S.S.G. § 5D1.3(a)(7); 18 U.S.C. § 3583(d) ("The court shall order, as an explicit condition of supervised release for a person required to register under the [SORNA], that the person comply with the requirements of that Act.").

condition does not exceed the statutory maximum because, as we have explained, "the term 'statutory maximum,' in a plea agreement permitting appeal in the limited circumstance of a sentence exceeding the statutory maximum, refers to 'the longest sentence that the statute which punishes a crime permits a court to impose . . . .'" *Grinard-Henry*, 399 F.3d at 1296 (quoting *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005)). Aquino's one-year term of supervised release was not more than the longest term of supervised release he could receive, which, for his conviction, was one year. *See* 18 U.S.C. §§ 4, 3559(a)(5), 3583(b)(3) (read together, providing a maximum of one year of supervised release for a violation of 18 U.S.C. § 4); U.S.S.G. § 5D1.2(a)(3); *cf. United States v. Ferguson*, 669 F.3d 756, 766-67 (6th Cir. 2012) (holding that challenged special conditions of supervised release were barred by an appeal waiver and did not exceed the statutory maximum). Accordingly, this challenge falls within the scope of the appeal waiver and none of the exceptions apply.

## IV. CONCLUSION

In sum, Aquino knowingly and voluntarily waived his right to appeal his sentence, his challenges on appeal fall within the scope of that waiver, and no exception applies. Accordingly, we apply the waiver by its terms. *Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351.

**DISMISSED.**